*457 Opinion
KINGSLEY, J.
—A minor appeals from orders of the juvenile court, denying his petition for a rehearing and committing him to the Youth Authority. We reverse the orders.
The minor was charged with being a person coming within section 602 of the Welfare and Institutions Code, in that he had committed arson, within the meaning of section 448a of the Penal Code. On July 2, 1976, after an adjudication hearing before a referee, the charge was found to be true and the minor was adjudicated a ward of the court. On July 16, 1976, the minor filed his petition for a rehearing.[1] The matter came on for hearing before Judge Smith on August 2, 1976, and, with the consent of all parties, was continued until August 11, 1976. On August 9, 1976, Judge Smith filed his order denying rehearing. On August 11, 1976, the matter came on for a disposition hearing before the referee. On August 11, 1976, the referee made her order committing the minor to the Youth Authority. A formal order of commitment was signed by Judge Smith on the same day. On August 27, 1976, the minor noticed an appeal from the various orders.
On July 1, 1976, the minor had filed an affidavit of prejudice against Judge Smith, under section 170.6 of the Code of Civil Procedure. No further reference to that affidavit was made until October 21, 1976, when the minor filed a motion to vacate Judge Smith’s order on the ground that Judge Smith was disqualified by reason of the earlier affidavit of prejudice.[2] On November 1, 1976, Judge Smith denied the motion to vacate his final judgment of commitment but vacated his earlier order denying a rehearing and transferred that matter to Judge Martin. On November 10, 1976, Judge Martin, having read the transcript of the adjudication hearing, entered her order again denying the rehearing.
The minor has filed a second appeal from all of the orders adverse to him. We reverse all of the orders.
*458 I
At the adjudication hearing, and at the later stages, the minor contended that he was entitled to a jury trial on the charge made against him. That contention has heretofore been made and rejected. (McKeiver v. Pennsylvania (1971) 403 U.S. 528 [29 L.Ed.2d 647, 91 S.Ct. 1976]; People v. Superior Court (Carl W.) (1975) 15 Cal.3d 271 [124 Cal.Rptr. 47, 539 P.2d 807].)
II
The minor contends that, under In re Edgar M. (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406], Judge Martin’s order denying a rehearing of the adjudication hearing, having been made after the time limits imposed by section 252 (formerly § 558) of the Welfare and Institutions Code, was a nullity and that the petition for rehearing of that order must be deemed granted. We conclude that Edgar M. dictates that result. It is the clear holding of that case that if a judge has not acted on a petition for a rehearing of a referee’s order within the statutory period, the grant of the requested rehearing is mandatory. It is unfortunate that the series of events in the case at bench results in a situation in direct opposition to the obvious legislative purpose behind section 252. That purpose is to have juvenile court proceedings determined promptly. Here, the compelled result means that Teddy’s case cannot be finally determined for, at the best, 18 months after it began. But the solution of that dilemma is for the Legislature or the Supreme Court; it is not for us.
III
Since there must be a new adjudication hearing before a superior court judge, the dispositional order, based on the original adjudication, necessarily falls. If the rehearing herein ordered results in a new adjudication sustaining the petition, a new dispositional hearing, based on that new order, must be held.
The orders appealed from are reversed.
Files, P. J., concurred.

 Since the record before us does not show the date when the minor was served with a copy of the referee’s order, we treat the petition for rehearing (as do the parties) as being timely.

 It appears from the record before us that Judge Smith was not personally aware of the filing of the affidavit of prejudice until it was brought to his attention by the minor’s motion of October 21, 1976, counsel for the minor having forgotten its existence and not having called it to the attention of Judge Smith at any of the earlier proceedings before that judge.